
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JAMES V. KELLY; et al., | No. 12-35639 |
| Plaintiffs - Appellees, | D.C. No. 2:11-cv-023-JLQ |
| v. | |
| PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| And | |
| PORT OF QUINCY, PORT OF DISTRICT NO. 1 OF GRANT COUNTY; et al., | |
| Defendants. | |
| JAMES v. KELLY; et al., | No. 12-35700 |
| Plaintiffs - Appellees, | D.C. No. 2:11-cv-023-JLQ |
| V. | |
| PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY and CRESCENT BAR INC., | |
| Defendants, | |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

And

PORT OF QUINCY, PORT OF
DISTRICT NO. 1 OF GRANT COUNTY,

Defendant - Appellant.

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted November 6, 2013
Seattle, Washington

Before: SCHROEDER and PAEZ, Circuit Judges, and BENITEZ, District Judge.[**]

The Public Utility District No. 2 of Grant County (PUD) and Port of Quincy, Port District No. 1 of Grant County (Port) filed an interlocutory appeal of the district court's denial of their joint Motion to Compel Arbitration. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 9 U.S.C. § 16(a), and we affirm.[1]

The district court properly determined that both PUD and Port waived their right to compel arbitration. A party seeking to prove a waiver of arbitration must demonstrate: (1) knowledge of an existing right to compel arbitration; (2) acts

---

[**] The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our disposition.

2

inconsistent with that existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts. *Fisher v. A.G. Becker Paribus Inc.*, 791 F.2d 691, 694 (9th Cir. 1986).

PUD and Port were aware of the arbitration clause, and could have compelled arbitration of this dispute at the outset of this litigation. Plaintiffs clearly raised claims under the 1979 lease containing the arbitration clause, both directly and as third party beneficiaries. Particularly given the broad language of the lease, it was not necessary for a dispute to arise between signatories to allow PUD and Port to demand arbitration of this matter. There is no reason to distinguish between Plaintiffs and Crescent Bar Inc., which Plaintiffs own and control.

PUD and Port waited eleven months after the lawsuit was filed to demand arbitration, actively litigating the case in district court. The parties conducted discovery and litigated motions, including a preliminary injunction and a motion to dismiss. Such activity is inconsistent with preserving the right to compel arbitration. *See Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 759 (9th Cir. 1988) (holding that a party's extended silence and much-delayed demand for arbitration indicated a conscious decision to seek judicial judgment of the merits of arbitrable claims) (internal citation omitted).

3

We agree with the district court that appellees would be prejudiced by compelling them to arbitrate their claims. A late shift to an arbitrator would force the parties to bear the expense of educating arbitrators and threaten to require the appellees to relitigate matters decided by the district judge. It would waste the time and money spent by the appellees in federal court.

A party that is aware that it has a right to compel arbitration of a dispute cannot wait to exercise that right until the parties have expended a significant amount of time and money to litigate that dispute in federal court. This is especially true where the untimely exercise of an arbitration clause would allow a party to evade future rulings of a federal judge which it fears will be unfavorable.

**AFFIRMED**.